UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

INJAH UNIQUE TAFARI,

        Plaintiff,

    -v-                                18-CV-6471MAT
                                          ORDER

MARK FANELLI, et al.,

        Defendant.
_____

## INTRODUCTION

Pro se plaintiff InJah Unique Tafari, an inmate currently confined at the Attica Correctional Facility, filed this action seeking relief pursuant to 42 U.S.C. § 1983 based upon alleged violations of his civil rights.  On December 21, 2018, the Court issued an Order (Docket Item 3) denying Plaintiff permission to proceed *in forma pauperis* because he had failed to allege that he was in imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g).[1]  The Court dismissed the Complaint without prejudice and gave Plaintiff the opportunity to pay the filing fee within 30 days, in which case the Complaint would be reinstated. Plaintiff did not pay the filing fee but instead filed a Motion for Reconsideration of the Court's Order denying him *in forma pauperis* status.

## DISCUSSION

_____

[1] Section 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Although the basis for Plaintiff's Motion is unstated, the Court construes it as a motion under Fed. R. Civ. P. 54(b) ("Rule 54(b)"). Rule 54(b) provides that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment. *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) (citing *United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973) ("[T]he power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules.")).

A litigant seeking reconsideration under Rule 54(b) must set forth "controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

Here, Plaintiff alleges that he is being denied access to the courts which will "hold Plaintiff in prison longer, that will cause mental injuries." Docket Item 4. This is insufficient because Plaintiff fails to allege any danger of serious *physical* injury, as required by Section 1915(g).

Plaintiff also asserts that he was assaulted in 2015, and that Defendant Wolcott threatened to assault him in 2018. While *recent* violence coupled with threats of harm by correction officers may qualify as imminent danger, that is not the situation here. *See*

*Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir 2010) (finding that "allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating" showed imminent danger of serious physical injury). Plaintiff's Complaint, filed on June 26, 2018, alleges assaults in May and July of 2015 at Elmira Correctional Facility. Docket Item 1 at 3-4. Plaintiff's allegations of a threat by a different officer at a different correctional facility some three years after the assault at issue in the Complaint does not show an imminent danger of serious physical injury at the time the Complaint was filed.

Because Plaintiff has failed to raise new evidence or arguments to support his motion for reconsideration or demonstrate either a change in the controlling law or clear error by the Court, he is not entitled to relief. In the alternative, Plaintiff requests that he be granted a further opportunity to show imminent danger of serious physical injury. Docket Item 4 at 6. Plaintiff is obligated under 28 § U.S.C. 1915(g) to show imminent danger of serious physical injury at the time of the initial application to proceed *in forma pauperis*. Plaintiff has now twice failed to show such danger, and his request that he be granted a third opportunity to do so is denied.

## CONCLUSION

The Court concludes that Plaintiff has failed to meet the high standard required to justify reconsideration of its December 21, 2018 Order. Therefore, Plaintiff's Motion for Reconsideration is denied. Plaintiff is granted an additional **30 days** from the issuance of this Order to pay the filing fee. If Plaintiff does not pay the filing fee within 30 days, the Complaint will be dismissed with prejudice.

SO ORDERED.

**s/ Michael A. Telesca**
_____
Michael A. Telesca
United States District Judge

DATED:     February 20, 2019
              Rochester, NY